IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN P. FLEMING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-6917 (JBS/KMW) |
| v. | |
| STATE OF NEW JERSEY & DISTRICT I ETHICS COMMITTEE, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief District Judge:

Plaintiff Steven P. Fleming, representing himself, has filed a document captioned as a "Complaint" that seeks the removal of a case from the Superior Court of New Jersey, Civil Action CAM-L-436-10. [Docket Item 1.][1] Only defendants in a state matter are permitted to remove the case to federal court. See 28 U.S.C. § 1441. And, in any case, it appears that the state court dismissed the case in question on October 21, 2011. Fleming v. Ethics Committee, Civil Action CAM-L-436-10 (N.J. Sup. Ct. L. Div. Oct. 21, 2011). The Court therefore reads Plaintiff's filing as an attempt to bring a new federal case. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se filings to be interpreted liberally). Because Plaintiff seeks to file without

---

[1] This federal filing appears to be related to Mr. Flemings's filing on Civil Docket 11-3894, which this Court dismissed as improperly seeking removal and for lack of subject matter jurisdiction.

prepayment of fees, the Court must assess Plaintiff's application to proceed in forma pauperis and also screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  The Court finds as follows:

    1.   Plaintiff's affidavit shows that he is indigent, and the Court will therefore permit the Complaint to be filed without prepayment of fees.

    2.   As best the Court can determine, Plaintiff's legal claim is that the District Ethics Committee negligently refused to investigate Donald A. Wilkinson Esq., an attorney that Plaintiff believes was involved in improperly taking custody of Plaintiff's child.  Plaintiff claims that this failure to investigate the conduct of the attorney constitutes "obstruction [of] justice, negligence, failure to maintain [moral] and ethical standards, accessory to [kidnaping]" and a violation of his right to access the Courts.  [Docket Item 1 at 1.]

    3.   Although Plaintiff complains that Attorney Wilkinson's conduct somehow denied him his due process rights with respect to custody over his child, Wilkinson is not a defendant named in this pleading.  Plaintiff does not appear to complain that the State itself or the Ethics Committee violated federal law by refusing to investigate his complaint.  A state and its agencies cannot be sued in diversity jurisdiction.  <u>Moor v. County of</u>

Alameda, 411 U.S. 693, 717 (1973).[2]  Therefore, since Plaintiff's claims in this action do not arise under federal law, see 28 U.S.C. § 1331, and there is no other apparent basis for subject matter jurisdiction, the Court must dismiss the case for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

    4.  Even if Plaintiff intended to bring some constitutional claim that the Court is unable to discern, such a claim would appear to be frivolous as against these Defendants.  The Ethics Committee acts for the Supreme Court when it performs the functions of receiving and investigating grievances, and is therefore an arm of the State.  Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433 (1982) (noting that the Committee acts as the Supreme Court); Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1177 (D.N.J. 1996) (noting that the Supreme Court is an arm of the State).  Plaintiff cannot sue the State for deprivation of his constitutional rights, because the federal statute empowering federal courts to hear such claims creates rights of action against persons, but not the State itself.  See 42 U.S.C. § 1983 & § 1985; Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) (noting that "a State is not

---

    [2]  Although Plaintiff's caption contains the line "c/o CHARLES L. CENTINARO, ESQ. DIRECTOR," the Complaint contains no reference to Mr. Centinaro's individual conduct, and so the Court does not understand Plaintiff to be attempting to sue Mr. Centinaro in his individual capacity (and in the absence of such allegations, an individual capacity claim would be frivolous).

a person within the meaning of § 1983"). And, in any case, the State and its agencies are immune to such a suit. See Quern v. Jordan, 440 U.S. 332, 342 (1979).[3]

5. In conclusion, Plaintiff's complaint must be dismissed regardless of whether it is viewed as an attempt to remove a (closed) state case in which he is the plaintiff, an attempt to litigate state law claims in federal court without any jurisdictional basis, or an attempt to sue the State of New Jersey for deprivation of civil rights. The accompanying Order will be entered.

**January 18, 2012**           　　　　　 s/ Jerome B. Simandle
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge

---

[3] Plaintiff's claim is also very likely barred by res judicata, as the state court appears to have already adjudicated it. But without knowing more about the content of the state action, and because it is unnecessary to the resolution of this matter, the Court declines to raise that issue on screening.